# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND DAVID BOGGS,<br><br>Defendant. | CR 25-68-GF-WWM<br><br><br>ORDER |

Defendant Raymond David Boggs moves to continue his trial date and all attendant deadlines. (Doc. 30). This is his second motion seeking to continue a trial date. The United States does not oppose the motion. Trial is currently set for January 27, 2026. (Doc. 22). A limited continuance is granted below.

Background

The Defendant was arraigned on August 27, 2025, on charges for offenses (including two counts of felony child abuse) that allegedly occurred on May 14, 2024. On the same day, the Court set October 28th as the trial date and established deadlines for motions and discovery. Approximately one month later, Defendant moved the Court to continue the trial (by "at least 90 days") and to extend all deadlines set in the August 27th order. To support the motion, Defendant's counsel noted the need for time to complete additional investigation, research, and preparation for pretrial motions and trial. The Court granted the motion,

established January 27, 2026, as the new trial date, and reset the deadlines, including a new motions deadline of December 26, 2025.

Chief Judge Morris reassigned the case to the undersigned on November 12, 2025. On November 26th, counsel participated in a status conference convened by the Court. On December 23rd, counsel for Defendant Boggs filed an Unopposed Motion For Postponement of Trial and For Extension of All Deadlines. The motion closely resembles the continuance motion filed in September except counsel for Defendant Boggs notes that his client is scheduled to have reconstructive surgery on his foot on January 23, 2026, and will be "unable to assist in his defense following his surgery".[1] Defendant filed no other motions before the pretrial motion deadline.

Analysis

Under the Speedy Trial Act, a federal criminal trial must commence within 70 days of the filing of an information or indictment or the defendant's initial appearance. 18 U.S.C. § 3161(c)(1). However, the Act allows a district court to exclude certain periods of delay from this time limit based on specific statutory exclusions. *Zedner v. United States*, 547 U.S. 489, 497 (2006). A district court may grant a continuance and exclude the time period from the calculation of the

---

[1] Defendant's motion is accompanied by a note from his physician which substantiates the need for the surgery without further delay, but it does not suggest that the Defendant will be unable to assist in his defense after the surgery.

speedy trial deadline when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice" continuance is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the failure to grant the continuance in a case that is not unusual or complex would nonetheless deny counsel the reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv). An ends of justice continuance must be specifically limited in time and must be justified on the record by the facts as of the time the continuance is granted. *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). The time is properly excluded only if the court makes findings pursuant to 18 U.S.C. § 3161(h)(7). *Bloate v. United States*, 559 U.S. 196, 204 (2010).

Here, Defendant's counsel asserted that he requires an additional ninety (90) days to "properly investigate, research pretrial motions, gather materials relevant to possible resolution," and claimed that "trial preparation cannot be accomplished within the current schedule." (Doc. 31 at 2). Defendant's counsel also claimed that a failure to grant a continuance would not allow Defendant to "sufficiently confront the evidence against him resulting in a miscarriage of justice and the

3

denial of a fair trial." (*Id.* at 4).  The Court disagrees with the assertion that another continuance can be supported by these arguments, as presented in the motions.  However, the imminent need for surgery and Defendant's inability to assist counsel with his defense with a trial date of January 23, 2026, justifies a continuance, but not for the duration requested by Defendant.

Ultimately, a limited continuance is warranted to permit the reasonable time necessary for effective preparation.  18 U.S.C. § 3161(h)(7).  While reasonable, these rationales must be weighed against "the best interest of the public." *Id.*  The Court finds that the ends of justice served by granting a continuance outweigh the best interests which the public and Defendant have in a speedy trial, and that the period of delay is reasonable.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's unopposed motion (Doc. 30) is **GRANTED, in part** as follows:

(1)  The previous trial date (*see* Doc. 22) is **VACATED**.

(2) The following schedule shall govern further proceedings in this matter:

| | |
|---|---|
| Final Pretrial Conference: | **March 2, 2026, at 8:30 a.m.**<br>Missouri River Federal Courthouse<br>Great Falls, Montana |
| Trial Date: | **March 2, 2026, at 9:00 a.m.**<br>Missouri River Federal Courthouse<br>Great Falls, Montana |
| Motion For Change of Plea<br>Deadline: | **February 17, 2026** |

Jury Instructions, Trial Briefs, and
Trial Notebook[2] Deadline: **February 23, 2026**

Notice of Intent to Use Real-Time,
Present Evidence Electronically or
Video Conferencing for Witnesses: **February 23, 2026**

Plea Agreement Deadline: 48 Hours Prior to Change
of Plea Hearing

This schedule must be strictly adhered to by the parties. Counsel should meet in the Judge's Chambers at 8:30 a.m. on the trial date for a Final Pretrial Conference. Paragraphs 7 through 22 of the August 27, 2025, Scheduling Order (Doc. 12) shall remain in full force and effect, except proposed jury instructions and *voir dire* questions should be e-mailed to wwmpropord@mtd.uscourts.gov.

**IT IS FURTHER ORDERED** that the time between the date of this order and **March 2, 2026**, is excluded from the calculation of the speedy trial deadline, pursuant to 18 U.S.C. § 3161(h)(7)(B).

The Clerk of Court is directed to notify the parties of the making of this order.

---

[2] Please ensure that **three** physical copies of the trial notebook are **delivered** on or before the deadline set forth above to the U.S. District Court, District of Montana, c/o Judge William W. Mercer, 201 E. Broadway Street, Ste. 310, Missoula, MT 59802.

DATED the 6th day of January, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE