IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND DAVID BOGGS,<br><br>Defendant. | CR 25-68-GF-WWM<br><br><br>ORDER |

On February 19, 2026, the Federal Defenders of Montana moved to withdraw as counsel for Defendant Raymond David Boggs due to the discovery of a conflict of interest. (Doc. 41).

Defendant was arraigned on August 27, 2025, on charges for offenses (including two counts of felony child abuse) that allegedly occurred on May 14, 2024. On the same day, R. Hank Branom was appointed to represent him. (Doc. 10). Also on August 27th, the Court set October 28th as the trial date and established deadlines for motions and discovery. In the intervening six months, Defendant has not filed any motion pertaining to the adequacy or completeness of the discovery produced by the United States.

On September 29th, Defendant moved the Court to continue the trial (by "at least 90 days") and to extend all deadlines set in the August 27th order. To support

the motion, Defendant's counsel noted the need for time to complete additional investigation, research, and preparation for pretrial motions and trial. The Court granted the motion, established January 27, 2026, as the new trial date, and reset the deadlines, including a new motions deadline of December 26, 2025. Chief Judge Morris reassigned the case to the undersigned on November 12, 2025. On November 26th, counsel for the parties participated in a status conference convened by the Court. On December 23rd, counsel for Defendant Boggs filed an Unopposed Motion For Postponement of Trial and For Extension of All Deadlines. The motion closely resembled the continuance motion filed in September except counsel for Defendant Boggs noted that his client was scheduled to have reconstructive surgery on his foot on January 23, 2026, and would be "unable to assist in his defense following his surgery".[1] On January 5th, the Court continued Defendant's trial date to March 2nd due to "the imminent need for surgery and Defendant's inability to assist counsel with his defense." (Doc. 33 at 4).

Three days ago, on February 17th, Defendant moved to continue his trial date once again, and asserted that he is still recovering from his January surgery and would be taking narcotics through early March that impair his ability to pay attention and make decisions. The Court continued Defendant's trial date to March

---

[1] Defendant's motion was accompanied by a note from his physician which substantiated the need for the surgery without further delay, but it does not suggest that the Defendant would be unable to assist in his defense after the surgery.

2

9th.

Assistant Federal Defender Clark Mathews ("Mr. Mathews") made an appearance as co-counsel for Defendant two days ago. Now, the Federal Defenders of Montana move to withdraw as counsel, claiming that Mr. Mathews "identified a conflict with a former client he represented in his capacity with the Federal Defenders" when he was reviewing discovery this week. (Doc. 41 at 2).

**IT IS HEREBY ORDERED** that on or before Monday, February 23, 2026, at 5:00 p.m. counsel for Defendant shall file a disclosure under seal stating (1) the basis for the conflict of interest, (2) the date on which the conflict of interest was discovered, and (3) the reason(s) the conflict of interest was not discovered earlier based upon the discovery produced by the United States pursuant to this Court's August 27, 2025, Order (Docs. 12 and 19).

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED the 20th day of February, 2026.

WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE